## No. 6628.

### FRANK MAYEUR vs. B. BLOOMFIELD & CO.

When the exception filed by a defendant, is in substance an answer, and is referred by the court to the merits, the case is fairly at issue, and may be tried and adjudicated, without any further answer.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J.*

*Hornor & Benedict* and *F. W. Baker*, for plaintiff and appellee.

*A. & W. Voorhies*, for defendants.

The opinion of the court was delivered by

MANNING, C. J.   The defendants filed a plea of prematurity to the suit of plaintiff against them on a promissory note, which had matured on the eleventh of January, 1877.   The suit was filed on the sixteenth of that month.

The ground of the plea is that the note was "for binding and ruling done by plaintiff for defendants, who were under contract with the State; and that it was agreed that plaintiff would wait for his payment until defendants collected the amount in question from the State; that defendants have unsuccessfully applied for such payment, and will comply with their contract with plaintiff as soon as the State shall have satisfied defendants' claim."

This exception was referred to the merits and notice given to the defendants' counsel, who declined to participate in the trial. The note and protest were offered in evidence by the plaintiff, and he had judgment.

The defendants' counsel insist that the case should be remanded for a trial of their exception. They have had an opportunity to try it, and declined to do it. The reason assigned for their refusal is that there was no answer filed, no issue joined. The exception was in effect and substance an answer, and the lower court so treated it. There could not have been a more direct joinder of issue by any form of pleading.

The plaintiff has prayed damages for a frivolous appeal. His judgment was signed on the ninth of last month, and there has not been any unnecessary delay, and, though the defendants were in error in the matter of law, we are not prepared to say their appeal was frivolous in their own estimation.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed with costs.